NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000790**
**24-FEB-2012**
**11:07 AM**

NO. CAAP-11-0000790

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KURT BUTLER, Plaintiff-Appellant, v.
MDDR HEALTH SOLUTIONS, INC., et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0102(1))


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Plaintiff-Appellant Kurt Butler's (Appellant Butler) appeal in Appeal No. CAAP-11-0000790 from the Honorable Rhonda I.L. Loo's October 21, 2011 judgment, because the October 21, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawaiʻi Rules

of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. "[A]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> <u>[I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must</u> (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Id.</u> (emphases added). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (emphasis added).

Although Appellant Butler asserted multiple causes of action against multiple defendants through Appellant Butler's February 10, 2009 complaint and August 28, 2009 first amended complaint, the October 21, 2011 judgment merely dismisses Appellant Butler's claims against only one defendant, Defendant-Appellee MDDR Health Solution, Inc. The October 21, 2011 judgment neither resolves Appellant Butler's claims against the

other remaining defendants in this case nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the October 21, 2011 judgment does not satisfy the requirements for an appealable judgment in a multiple-party/multiple-party case under HRCP Rule 58 and the holding in Jenkins.

We note that the October 21, 2011 judgment contains the following statement that declares that the circuit court resolved the other claims against the other remaining defendants through prior orders:

> WHEREAS, Plaintiff's claims against the other Defendants identified in Plaintiff's First Amended Complaint have been determined by way of dismissal or by the entry of default judgment.

October 21, 2011 Judgment at 2. Nevertheless, this statement does not satisfy the requirements for an appealable judgment under Jenkins because this statement does not contain operative language that actually disposes of the other claims against the other remaining defendants. Instead, the statement merely describes what previous orders effectuated in the past. One cannot confirm whether the previous orders actually disposed of the other claims unless one searches through the volumes of the record on appeal, finds the previous orders, and reads the previous orders in detail. In order to be appealable, however, a final judgment must, on its face, contain all the operative language necessary to dispose of each and every claim in the case, so that a search of the record on appeal is unnecessary for the purpose of confirming that the circuit court resolved all

-3-

claims against all parties. One of the primary purposes of the holding in Jenkins is to prevent an appellate court and its staff from having to search the often voluminous circuit court record to confirm that the circuit court resolved each and every claim:

> If we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to case upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Thus, for example,

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 120 n.4, 869 P.2d at 1339 n.4 (emphases added).

The October 21, 2011 judgment does not contain, on its face, sufficient operative language to resolve Appellant Butler's claims against the other remaining defendants in this case. The October 21, 2011 judgment does not contain an express finding of no just reason for delay in the entry of judgment on the subset of claims that the October 21, 2011 judgment resolves pursuant to HRCP Rule 54(b). Therefore, the October 21, 2011 judgment does not satisfy the requirements for an appealable judgment in a multiple-party/multiple-party case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, the appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-11-0000790.

Accordingly, IT IS HEREBY ORDERED that the appeal in Appeal No. CAAP-11-0000790 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 24, 2012.

Presiding Judge

Associate Judge

Associate Judge